```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/20/2023  
```

Brianna Payne,

                Plaintiff,

    -against-                                         23 Civ. 1190 (AT)

Sheetal Duggal,                                    **ORDER**

                Defendant.

ANALISA TORRES, District Judge:

        On February 13, 2023, Plaintiff *pro se*, Brianna Payne, filed a complaint against Defendant, Sheetal Duggal, alleging unlawful imprisonment and invoking subject matter jurisdiction by reason of a federal question.  Compl. at 2, ECF No. 1.  Plaintiff alleges that both parties reside in the State of New York.  *Id.* at 3–4.  Plaintiff claims that, on February 14, 2021, Defendant took her shoes, yelled at her, and prevented her from leaving his apartment.  *Id.* at 5.

        On February 21, 2023, the Court referred this matter to the Honorable Sarah Netburn. ECF No. 4.  On February 23, 2023, Judge Netburn issued an order to show cause, by March 31, 2023, why the Court should not dismiss this action for lack of subject matter jurisdiction.  ECF No. 5.  Judge Netburn encouraged Plaintiff to contact the New York Legal Assistance Group for assistance.  *Id.* at 3.  Plaintiff did not respond to Judge Netburn's order.  On April 5, 2023, Judge Netburn directed Plaintiff to respond to the order to show cause by April 19, 2023.  ECF No. 6. Plaintiff has not responded to the order to show cause.

        The Court must dismiss a complaint when it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734 (2d Cir. 2007) (citation omitted).  A plaintiff must plead facts demonstrating a federal law claim in order to demonstrate that federal question jurisdiction exists.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996).

        Plaintiff does not reference any federal law creating a cause of action against Defendant, and the Court is unaware of any federal cause of action that might be liberally construed from Plaintiff's complaint.  To the extent Plaintiff is attempting to assert a constitutional claim, such claims generally cannot be brought against private parties who are not acting "under color of" state law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991).  Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action because the parties are citizens of the same state.  *See* 28 U.S.C. § 1332; *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

The Court has liberally construed Plaintiff's complaint and given her two opportunities to provide the Court with additional information supporting her invocation of federal jurisdiction. Plaintiff has not communicated with the Court since the filing of her complaint. The Court concludes that it does not have subject matter jurisdiction over this action. Accordingly, Plaintiff's claims are DISMISSED without prejudice to refiling in state court.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*, and close the case.

SO ORDERED.

Dated: April 20, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge